**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CRAIG WALKER # N-92287, | ) | |
| a/k/a Sharif Abdu-Raheem, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-550-JPG |
| | ) | |
| KAHALAH A. CLAY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Southwestern Illinois Correctional Center ("SICC") in East St. Louis, Illlinois, where he is serving a 15-year sentence. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against the Circuit Clerk of St. Clair County, claiming that she denied him access to the courts. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff explains in his complaint that he made four attempts to file a petition for mandamus in the Circuit Court of St. Clair County, but Defendant Clay (or staff under her supervision) each time failed to file the action (Doc. 1, p. 4). On August 8, 2014, Plaintiff mailed sufficient copies of the petition, but never received his file-stamped copy back from Defendant's office. Six weeks later, he wrote to inquire about the status of his petition. In response, he received a letter dated October 3, 2014, from "Deputy Clerk, Courtney" stating, "we can not find anything for the name given. If you would like to file anything with our county you are to write us back with a little more information; in example, a case number or a date or [sic] birth." (Doc. 1, p. 14).

On December 1, 2014, Plaintiff again mailed several copies of the mandamus petition to the Defendant's office for filing.  The documents were soon returned to him along with an application to proceed as a poor person.  Plaintiff completed the application, then on December 9, 2014, mailed it along with his mandamus petition (and copies) back to the Defendant.  Again, he never received his file-stamped copy back.  He wrote another letter of inquiry.  The reply, dated February 11, 2015, and signed by Barb Hill, Traffic Supervisor, said that there had been no cases under the name of Craig Walker since 2008.  She asked him to provide a birth date so she could check further. (Doc. 1, p. 15).

On March 9, 2015, Plaintiff again attempted to file his mandamus action by sending his only remaining petition (the original) to the Defendant.  He was unable to make more copies because the prison library was closed (Doc. 1, p. 16).  Despite the explanation in Plaintiff's cover letter that he was seeking to have the mandamus petition filed, Deputy Clerk Jacquelyn wrote him back stating:  "Sorry but we have looked at all the information and you are not in our system maybe you need to try another county [sic]" (Doc. 1, p. 18).  Plaintiff's documents were returned to him along with the letter, and his petition was never filed.

Plaintiff attaches a copy of the mandamus petition, in which he sought to compel two officials of the Illinois Department of Corrections ("IDOC") to award him good-conduct credit against his prison sentence, in accordance with the policy that had been in effect when Plaintiff was convicted in 2008 (Doc. 1, pp. 8-11).  He argued that the 2012 amended version of the statute and administrative regulations on such credit had been wrongly applied to him, thus depriving him of 180 days of sentence credit which he would have received under the previous law and policy.

Plaintiff states that because his projected release date is now only three months away, it is

no longer possible for him to pursue the mandamus action or be granted earlier release, because the Defendant failed to file his petition.  He seeks monetary damages in this action, based on his allegation that Defendant Clay violated his constitutional right to access the courts (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a claim upon which relief may be granted.  For this reason, the complaint (Doc. 1) shall be dismissed without prejudice.  However, Plaintiff shall be allowed an opportunity to submit an amended complaint.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  A supervisor may be found liable, however, "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it."  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997)).   "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . .  The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference."  *Chavez*, 251 F.3d at 651 (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)).

Here, Plaintiff has not alleged that Defendant Clay had any direct personal involvement in the handling of his documents or inquiries, nor do the facts recited suggest that she was ever

made aware of his attempts to file his case in the Circuit Court of St. Clair County, or of the conduct of her subordinates.  None of the letters he includes as exhibits were signed by Defendant Clay.  Plaintiff may have a claim against those individuals who were responsible for evaluating his letters and petition, yet failed to file his mandamus action.  However, the current complaint names only Clay as a Defendant, and suggests no theory of liability beyond her mere supervisory role.  Accordingly, the complaint does not state a claim upon which relief may be granted against Defendant Clay.

In order to state a constitutional claim for denial of access to the courts, a plaintiff must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  He must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).  In the instant case, Plaintiff has described the claim that he was unable to pursue because of the failure to file his petition.  At this juncture of the case, the Court cannot conclude that Plaintiff's proposed mandamus action would have been frivolous.

Court clerks and their staff enjoy some level of immunity from suits for damages such as this one.  While a judge has absolute immunity from suit, court personnel such as clerks and court reporters are not protected by the same absolute immunity.  A court clerk may be entitled to quasi-judicial immunity if she was acting at the direction of a judge.  *See Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 436-38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989) which held that court reporters

and clerks were absolutely protected by judicial immunity); *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010).   A resolution of this immunity question, however, is not appropriate at this stage, given that Plaintiff must re-plead his claims in an amended complaint that survives threshold review in order to proceed.

**<u>Disposition</u>**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **July 16, 2015**).   It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.   He should label the pleading "First Amended Complaint" and include Case Number 15-cv-550-JPG.   In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under each claim, as well as the actions alleged to have been taken by that Defendant.   New individual Defendants may be added if they were personally involved in the constitutional violations.   Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.   *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).   The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.   Should the First Amended Complaint not conform to these requirements, it shall be

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 10, 2015**

*s/J. Phil Gilbert*
United States District Judge