IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG WALKER # N-92287, )<br>a/k/a SHARIF ABDU-RAHEEM, )<br>  )<br>Plaintiff, )<br>  )<br>vs.  )<br>  )<br>KAHALAH A. CLAY, )<br>COURTNEY DOE,[1] )<br>BARB HILL, )<br>and JACQUELYN DOE, )<br>  )<br>Defendants. ) | Case No. 15-cv-550-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff's First Amended Complaint (Doc. 10), filed September 11, 2015, at the direction of the Court. The original complaint, which named only St. Clair County Circuit Clerk Kahalah Clay as a Defendant, was dismissed for failure to state a claim upon which relief may be granted, because there was no indication that Defendant Clay was personally involved in or even aware of her subordinates' actions (Doc. 5).

This civil rights suit was filed while Plaintiff was incarcerated at Southwestern Illinois Correctional Center in East St. Louis, Illinois. He has since been released from the custody of the Illinois Department of Corrections ("IDOC") (Docs. 8, 10).

**The Amended Complaint (Doc. 10)**

Plaintiff now includes three additional Defendants in the action – the Clerk's office employees who mishandled his attempts to file a civil complaint.

---

[1] Plaintiff uses the surname "Doe" for both Defendant Courtney and Defendant Jacquelyn, as their actual surnames are unknown.

On August 8, 2014, Plaintiff submitted a petition for mandamus (Doc. 10, pp. 7-9, 15) to Defendant Clay for filing.  The petition sought to compel IDOC officials to give him 180 days of credit against his prison sentence, which would have resulted in his earlier release from prison.

After six weeks passed without any acknowledgement of his petition from the Clerk's office, Plaintiff wrote a letter of inquiry on September 30, 2014 (Doc. 10, p. 10).  Defendant Courtney Doe (Deputy Clerk) wrote back to inform him that nothing could be found under his name (Doc. 10, p. 11).

On December 1, 2014, Plaintiff resubmitted his mandamus petition.  It was promptly returned to him along with an application to proceed as a poor person.  Plaintiff completed that application and returned it along with the mandamus petition.

Six weeks later, having heard nothing further, Plaintiff wrote another letter of inquiry. On February 11, 2015, Defendant Barb Hill (Traffic Supervisor) wrote to Plaintiff to say that again, no case under Plaintiff's name could be found, and asking him to provide his birth date for her to check further (Doc. 10, p. 12).

On March 9, 2015, Plaintiff once again submitted his last copy of the mandamus petition, along with a letter asking for it to be filed (Doc. 10, p. 13).  It was not filed, however, and his documents were returned to him along with a letter dated March 11, 2015, from Defendant Jacquelyn Doe (Deputy Clerk), which stated:  "Sorry but we have looked at all the information and you are not in our system maybe you need to try another county [sic]."  (Doc. 10, p. 14).

Plaintiff asserts that each of the Defendants deprived him of his constitutional right to access the courts when they "negligently and outright refused to file his petition for mandamus" (Doc. 10, p. 5).  Defendant Clay "is legally responsible for the overall operation of her office and each of her subordinates."  *Id*.  Because of their failure to file his mandamus petition, Plaintiff

was not given the additional good conduct credit that he sought, and served 180 days more in prison than he should have.

Plaintiff seeks compensatory and punitive damages (Doc. 10, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to screen the complaint, and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Prisoners have a fundamental right of meaningful access to the courts, as do free persons. *Bounds v. Smith*, 430 U.S. 817 (1977). "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). In order to state a cognizable claim for denial of access to the courts, a plaintiff must explain how the defendant's action caused an actual or threatened detriment to a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Plaintiff has done so in the instant complaint – because his mandamus action was never filed by the Clerk's office employee Defendants, he lost the opportunity to seek earlier release from prison. At this stage, the Court cannot conclude that Plaintiff's proposed mandamus action would have been frivolous.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Hill, Courtney Doe, and Jacquelyn Doe for denying him access to the courts (**Count 1**), in that they failed to file his mandamus petition. His claim may proceed against these three Defendants in their individual and official capacities.

Plaintiff again seeks to hold Defendant Clay liable on the basis of her supervisory authority (**Count 2**). While Defendant Clay, as the Circuit Clerk, is responsible for the operations of her office, this alone is not enough to impose liability on her in a § 1983 action for the misconduct of her subordinate employees, as the Court explained in the order dismissing the original complaint. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* – supervisory liability – does not apply to civil rights actions brought under 42 U.S.C. § 1983). Only if the supervisor knows about her employees' misconduct and facilitates, approves, condones, or turns a blind eye to the unconstitutional actions, can she be held liable for that misconduct. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)). The supervisor "must in other words act either knowingly or with deliberate, reckless indifference." *Chavez*, 251 F.3d at 651. Additionally, a supervisor who was "responsible for creating the policies, practices and customs that caused the constitutional deprivations" may have sufficient personal involvement to sustain a claim against her. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Mere negligence does not violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

As with the original complaint, Plaintiff's allegations do not indicate that Defendant Clay knew about the other Defendants' actions or that she directed or approved their conduct. Nor does he point to any policy or practice created by Defendant Clay that may have led to their failure to file Plaintiff's petition. Based on the complaint as pled, Plaintiff fails to state a claim against Defendant Clay upon which relief may be granted. Therefore, **Count 2** against Defendant Clay shall be dismissed without prejudice at this time.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 9) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **CLAY** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HILL, COURTNEY DOE (Deputy Clerk),** and **JACQUELYN DOE (Deputy Clerk)**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the full names and service addresses for the Defendants whose surnames are unknown.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 9).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

*s/J. Phil Gilbert*
United States District Judge